UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RENEE EVERETT and BUILDING WERKS OF WI, LLC,

    Plaintiffs,

  v.                                      Case No. 10-C-634

PAUL DAVIS RESTORATION, INC.,
EA GREEN BAY LLC, and MATTHEW L EVERETT,

    Defendants.

## ORDER DENYING REMAND

This action arises out of a franchise agreement between Defendant Paul Davis Restoration, Inc. ("PDRI") and Defendants Matthew Everett and EA Green Bay, LLC ("EAGB"). PDRI, a Florida corporation located in Jacksonville, operates a nationwide franchise system that provides insurance restoration and remodeling services for commercial and residential properties. Prior to termination of the franchise agreement on March 1, 2010, EAGB was PDRI's northeast Wisconsin franchise. EAGB was operated by Matthew Everett and owned by Matthew and his wife, Plaintiff Renee Everett. At or about the time EAGB's franchise agreement with PDRI was terminated, Renee Everett formed Plaintiff Building Werks of WI, LLC, which she and Matthew are allegedly operating in competition with PDRI in violation of the non-compete provision of the PDRI franchise agreement. In response, PDRI commenced an arbitration proceeding against them. Renee Everett and Building Werks countered with an action in Brown County Circuit Court seeking a declaration that Renee Everett and Building Werks are not parties to the Arbitration and are not bound by the

1

non-competition provisions of the PDRI franchise agreement. PDRI removed the action to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332, and Plaintiffs filed a motion to remand the case to state court.

The plaintiffs' argument for remand is straightforward. They assert that two of the defendants, Matthew Everett and EAGB (collectively, "the Wisconsin defendants") are citizens Wisconsin, and thus complete diversity does not exist. Absent complete diversity, federal jurisdiction under 28 U.S.C. § 1332 cannot exist. Thus, PDRI's removal of the case from state court was improper and remand is required. Moreover, because PDRI improperly removed the case, the plaintiffs contend they are entitled to recover their actual costs and attorneys fees incurred as a result of the removal under 28 U.S.C. § 1447(c).

PDRI does not deny that the Wisconsin defendants are, in fact, citizens of Wisconsin. Rather, PDRI presents a three-pronged opposition to remand: first, remand is improper because the Wisconsin defendants are not proper or necessary parties to this action for declaratory relief; second, the Wisconsin defendants are fraudulently joined; third, the Wisconsin defendants are misaligned and should be realigned as plaintiffs. (Br. in Opp., Dkt. 38 at 1).

After considering the parties' briefs, the Court concludes that the Wisconsin defendants have been fraudulently joined as defendants. The doctrine of fraudulent joinder applies when there is no "reasonable possibility" that the plaintiff can establish a cause of action against non-diverse defendants. *See Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992); see also *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994) (removal proper when plaintiff cannot state a claim against diversity destroying defendant). Fraudulent joinder is applicable where there are no claims alleged against non-diverse defendants.

2

*Harvey v. Marriott Corp.,* 680 F. Supp. 1289, 1290 (E.D. Wis. 1988) (diversity jurisdiction appropriate where no claim for relief against non-diverse defendant).

Here the complaint asserts a single claim for declaratory relief related to a dispute between "PDRI on one hand and Renee Everett and Building Werks on the other hand". (Complaint at ¶ 21.) Plaintiffs assert no claims against and seek no declaratory relief as to either of the Wisconsin Defendants. The plaintiffs argue that the Wisconsin defendants are necessary parties under Wisconsin's Declaratory Relief Act, Wis. Stat. § 806.04 (11), which "requires that all the interested parties shall be before the court." It is far from clear, however, why the Wisconsin defendants are interested parties to the plaintiffs' claim that they are not subject to the arbitration clause in the franchise agreement. To be sure, the Wisconsin defendants have an interest in the case, but it is not a legal interest. The plaintiffs note that they are also, or alternatively, seeking a judicial determination that the non-competition provisions of the PDRI franchise agreement are invalid under Wisconsin law, an issue in which the Wisconsin defendants also have a direct legal interest. But unless the plaintiffs are bound by the agreement, they have no standing to obtain such a declaration. And if they are bound by the agreement, the question of whether the non-competition provision of the agreement is void is for the arbitrator to decide, not the court. Thus, it does not appear that the Wisconsin defendants are interested parties.

Even if the Wisconsin defendants are "interested parties," however, there is no reason they are defendants in this action, especially where, as here, there is no claim asserted against either of them. The purpose of the Wisconsin's Declaratory Relief Act is to allow courts to resolve disputes between *adverse* parties. *See Olson v. Town of Cottage Grove,* 749 N.W.2d 211, 218 (Wis. 2008). As discussed further below the Wisconsin defendants are not adverse parties to the plaintiffs.

3

Realignment, which is necessary and proper here, provides a second reason to deny Plaintiffs' motion for remand. "In determining whether diversity of citizenship jurisdiction exists, the federal court is not bound by the way the plaintiff formally aligns the parties in his or her original pleading." 13E CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3607 (2009). A court must "look beyond the pleadings" and arrange the parties according to their sides in the dispute. *American Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146, 151 (7th Cir. 1981). The "generally accepted test for the proper alignment of parties employed by the federal courts is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side of the litigation." WRIGHT, MILLER & COOPER, *supra*, § 3706 (2009). Under realignment principles, non-diverse defendants are treated as plaintiffs for purposes of diversity jurisdiction when no "actual, substantial controversy" exists between the named plaintiffs and non-diverse defendants. *Wolf v. Kennelly,* 574 F.3d 406, 413 (7th Cir. 2009).

Here, to the extent that the Wisconsin defendants have any interest in this lawsuit, their interests are aligned with the plaintiffs, not PDRI. Although the plaintiffs speculate that they conceivably have a contribution claim against the Wisconsin defendants if PDRI ultimately prevails on its claim against them, a conceivable claim in some other action is not enough to overcome the obvious conflict between all of them and PDRI. Not only are Matthew Everett and Renee Everett married, but they are alleged to have acted in concert so as operate Building Werks in competition with PDRI. Indeed, the plaintiffs' effort to avoid the arbitration proceeding commenced by PDRI can be reasonably viewed as in furtherance of the Wisconsin defendants' goal of avoiding the non-compete provisions of the franchise agreement. Unlike *Schetter v. Heim*, 300 F. Supp. 1070 (E.D. Wis. 1969), where the plaintiff's request to realign the married parties was rejected, no conflict

between husband and wife appears in the record. Under these circumstances, the Wisconsin defendants will be realigned as plaintiffs, and as re-aligned plaintiffs, the Wisconsin defendants will still be before the court and allowed the opportunity to be heard as required by Wis. Stat. § 806.04(11).

Accordingly, and for the reasons set forth above, the plaintiff's motion to remand is **DENIED.** The Wisconsin defendants are fraudulently joined as defendants and must be re-aligned for diversity jurisdiction purposes. The plaintiff's motion for attorneys' fees is also **DENIED** as moot.

**SO ORDERED** this    5th    day of November, 2010.

                                                     s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge