# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RENEE EVERETT, et al.,

    Plaintiffs,

v.                                                                                          Case No. 10-C-634

PAUL DAVIS RESTORATION, INC., et al.,

    Defendants.

## ORDER

Plaintiffs have moved for a protective order to govern the use and disclosure of confidential and proprietary business information it will disclose during pending discovery. Defendants oppose the motion on the grounds that Plaintiffs' motion is in fact an attempt to circumvent the Court's previous ruling denying Plaintiffs' request that this Court enter an order prohibiting Defendants from using discovery obtained in this case in the pending arbitration matter between them. Defendants argue there are less cumbersome ways of keeping information that actually merits confidentiality private. They also note that this Court has already denied several similar motions. For the reasons given below, the motion will be denied.

On September 24, 2010, this Court entered an order denying Plaintiffs' motion for a protective order, which was itself a renewed motion following my denial of their oral request for a protective order barring Defendants from using discovery obtained in this case in the pending arbitration proceeding during a telephonic hearing the previous month. In the September 24 order, I found that the Plaintiffs had not shown good cause for a broad protective order, and I declined to

enter an order limiting the use of discovery to this litigation. In essence, I reaffirmed my previous denial of Plaintiffs' request, noting that the arbitrator was free to determine what evidence offered in that proceeding should be considered. Each of these previous rulings reflects the Court's view that the fundamental goal of any legal proceeding to arrive at a just result is best served by the truth and that Plaintiffs' desire to exclude information otherwise discoverable from consideration by the arbitrator would pose an obstacle to that goal.

In a November 19 hearing, I again denied a motion for a protective order and motion to quash. Plaintiffs essentially renewed their motion on December 13. Plaintiffs state that in an unrelated case against a competitor, it was apparent that information they had previously shared with Defendant Paul Davis Restoration, Inc. wound up in the hands of their competitor and was used by the competitor against them. Thus, they are particularly nervous about having their confidential information subject to disclosure to PDRI.

Much of the briefing on the motion consists of finger-pointing and accusations of bad faith litigation practices. Plaintiffs chastise the Defendants for failing to agree to this district's model protective order, while Defendants claim that Plaintiffs are simply ignoring this Court's earlier denials of the motions for protective orders. "As a general proposition, pretrial discovery must take place in the [sic] public unless compelling reasons exist for denying the public access to the proceedings." *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994) (quoting *American Tel. & Tel. Co. v. Grady,* 594 F.2d 594, 596 (7th Cir. 1978)). "Most cases endorse a presumption of public access to discovery materials . . . and therefore require the district court to make a determination of good cause before he may enter the [protective] order." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 946 (7th Cir. 1999).

As noted earlier, I have already found a lack of good cause for a protective order in this action. In fact, I have already ruled on the provision that appears to be Plaintiffs' chief concern. Specifically, I ruled that I would not limit the use of discovery materials to this action, but Plaintiffs now want a protective order allowing them to designate documents as "confidential" and thereby bar them from being disclosed or used outside this case. Plaintiffs argue that a protective order is "customary" in cases like this, and they are right. But given the history of Plaintiffs' repeated efforts to insure that information discovered in this case does not see the light of day in their arbitration, Defendants' reluctance to agree to give Plaintiff the right to designate any or all documents "confidential" so as to prevent their later use is reasonable. True, Defendants could challenge the designation, but that would require them to return to Court which would result in additional delay and cost. While the Court could require Plaintiffs to pay expenses incurred by Defendants in successfully challenging Plaintiffs' confidentiality designations, I am reluctant to enter an order that will most likely encourage further litigation. This is particularly true where, as here, the Defendants have agreed to an alternative procedure that insures protection of Plaintiff's documents that may truly merit confidentiality.

Defendants have offered to inspect the documents responsive to their discovery requests on an "attorneys-eyes only" basis at the offices of Plaintiffs' counsel and address any confidentiality concerns Plaintiffs may have over specific documents through redactions or other measures. Given the history of this case, Defendants' proposal is reasonable. Moreover, the businesses at issue here involve the restoration of homes and other construction-related work, and thus cannot be expected to produce reams of highly sensitive data or trade secrets. The discovery sought relates to Renee Everett's operation of the business and whether she can be made to arbitrate the parties' dispute

3

even though she was not a signatory to the franchise agreement. Exploration of these issues should not require Plaintiffs to produce significant numbers of things like customer lists or pricing information. Under the circumstances, selective redaction of those portions of documents that are responsive to Defendants' requests should adequately protect Plaintiffs' interests. Plaintiffs, of course, remain free to seek protection from disclosure of any specific documents that they believe merits such protection under Fed. R. Civ. P. 26(c).

In sum, there is nothing that distinguishes this case from countless other commercial disputes, and in fact the limited scope of discovery should itself serve as a limit to the matters that may be explored. Given the history in this case, Defendants' refusal to consent to a standard protective order, which normally serves to expedite discovery, is not unreasonable. Having failed to establish good cause for the broad protective order they seek, Plaintiffs' motion for a protective order is **DENIED**.

**SO ORDERED** this   15th   day of February, 2011.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge