UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RENEE EVERETT, et al.,

        Plaintiffs,

v.                                              Case No. 10-C-634

PAUL DAVIS RESTORATION INC., et al.,

        Defendants.

**ORDER**

On April 4, 2011, counsel appeared telephonically for a hearing on the Defendants' motion to quash and motion for a protective order. In that hearing, which was plagued by technical issues affecting my ability to hear counsel's arguments adequately, I expressed some skepticism about the relevance of the discovery sought but denied the motions. I further indicated that Plaintiffs' soon-to-be-filed brief on their motion for a preliminary injunction must indicate what specific factual disputes exist that would warrant a hearing on their motion.

Counsel for one of the Defendants has written the Court indicating that he was disconnected during the telephonic hearing and was unable to participate fully. Specifically, he asserts that he was unable to be heard in support of his motion to quash. In his letter, he reiterates his assertion that information sought from Mr. Druml, the largest competitor of the Plaintiffs, would be wholly irrelevant to the issues in this case. Counsel also notes that Plaintiffs have attempted to swiftly depose Mr. Druml despite my conclusion that his testimony would not be relevant to the upcoming

preliminary injunction hearing. He suspects that because the two are serious competitors, Plaintiffs' efforts to depose Mr. Druml are based on improper motives.

Upon reconsideration, I am now satisfied that there has been no reasonable explanation for the relevance of the discovery sought. Plaintiffs assert that there are equitable issues in play, but I am at a loss as to how one man's experience with his own business could shed light on, or be relevant to, the narrow issue involved here, namely, whether Plaintiffs have to arbitrate their dispute. His experience with, or information about, how Paul Davis Restoration Inc. has attempted to arbitrate disputes with other non-signatories or his own company do not bear on the issues before me. Moreover, it seems likely that Mr. Druml does not even possess information that is responsive to the discovery sought. If further proceedings make it clear that such testimony might in fact be relevant, I can revisit the matter at that point. For now, however, I am satisfied that the requisite showing of relevance has not been made. Accordingly, the motion to quash and motion for protective order are **GRANTED**. My April 4 ruling to the contrary is **VACATED**.

**SO ORDERED** this ___6th___ day of April, 2011.

                                                 s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge