UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RENEE EVERETT, et al.,

      Plaintiffs,

  v.                                                        Case No. 10-C-634

PAUL DAVIS RESTORATION INC., et al.,

      Defendants.

**ORDER**

In this action Plaintiffs named Paul Davis Restoration Inc., a Florida corporation, as a Defendant. In addition, they named Matthew Everett and EA Green Bay, LLC ("EAGB"), both Wisconsin citizens, as Defendants. In moving to remand the action to state court, Plaintiffs argued that complete diversity was lacking because Wisconsin citizens were named on both sides of the case. I denied the motion to remand because I concluded that the Wisconsin defendants had been fraudulently joined. I thus realigned these Defendants (one of whom is married to Plaintiff Renee Everett) and considered them as Plaintiffs for purposes of diversity jurisdiction. I thus retained the case in federal court.

Plaintiffs have now reached an agreement with Matthew Everett and EAGB to dismiss the claims between them, and they have filed a joint motion to dismiss. Defendant Paul Davis Restoration objects to the dismissal, however, and it claims that the joint motion to dismiss is "another in a series of procedural maneuvers . . . to avoid this Court's jurisdiction." (Dkt. # 127 at 2.) Paul Davis first asserts that dismissal under Rule 41 only applies to claims between plaintiffs

and *defendants*, and the defendants at issue here have been recharacterized as plaintiffs (for diversity jurisdiction purposes). Thus, Rule 41 should not apply to allow dismissal.

I am unaware of any case holding that Rule 41's applicability turns on whether a party has been recharacterized for purposes of diversity jurisdiction. The absence of authority on the point is not surprising. First, recharacterization is a legal fiction; it is simply a way of cutting through labels to determine *for jurisdictional purposes* where the dispute actually lies. The fact that Matthew Everett and EAGB are deemed plaintiffs for purposes of jurisdiction does not mean that the federal rules treat them differently. Moreover, it would make little sense for a rule to prevent dismissal of the claims involving these parties. In denying the motion to remand and recharacterizing Matthew Everett and EAGB as plaintiffs, I explicitly concluded that there were no viable causes of action between the Plaintiffs, Matthew Everett and EAGB because their interests were aligned. From that conclusion, it would seem to follow that any "claims" that had been alleged between these parties would easily be subject to dismissal (because they were not legitimate claims to begin with). Indeed, I could have simply dismissed or severed the claims against those defendants under Rule 21. *See Newman-Green, Inc. v. Alfonso-Larrain,* 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.") Paul Davis does not explain why the rule should be interpreted to *prevent* the dismissal of claims a court has found lacking in substance.

Up to this point an uninformed reader might scratch his head and wonder why Paul Davis is spending so much effort trying to keep alive a dispute between parties who have no real dispute with each other. Such a reader would be further confused if he had also read Paul Davis' brief in

2

opposition to the motion to remand, in which it urged upon this Court three reasons why the other defendants (it called them "purported defendants") really have no business at all in this lawsuit. Having denied that Matthew Everett and EAGB have any interest whatsoever in this lawsuit, why is Paul Davis so keen on keeping them around?

The mystery of all this is revealed in Paul Davis' recent motion to confirm an arbitration award against Matthew Everett and EAGB. If these parties are allowed out of this lawsuit, then I cannot confirm an award against them. Thus, Paul Davis argues that because there is live dispute between *itself* and its other co-defendants, I should not allow them to be dismissed from the lawsuit.

The other parties argue, however, that this Court would lack jurisdiction to hear Paul Davis' motion to compel arbitration. Matthew Everett has recently moved to Florida, which (they argue) eliminates diversity jurisdiction because Paul Davis is also a Florida resident. And they assert that this Court would lack supplemental jurisdiction because the motion to compel arbitration does not involve questions that are sufficiently related to the question at issue in this action. 28 U.S.C. § 1367.

The jurisdictional issues are thorny. It is settled law that a party's change in domicile during the pendency of a lawsuit does not divest the court of jurisdiction over the original complaint, but does it necessarily follow that a court would have original jurisdiction over a *counterclaim* filed *after* that defendant is no longer a diverse party? Many aspects of counterclaims, such as the amount in controversy, and whether a federal question exists, are assessed at the time the counterclaim is filed, without respect to what may have been true when the original complaint was filed. The parties have not cited any cases that address this issue squarely, and this Court's own research has not provided a clear answer.

3

Assuming this Court has original jurisdiction, however, another procedural issue also poses problems. Paul Davis does not have any claims pending against Matthew Everett and EAGB. There are no counterclaims, cross-claims, or any claims whatsoever filed against these two parties, and thus it is arguable (though no one argues it) that Paul Davis' motion to affirm the arbitration award is improper. In a typical case, the mere fact that a number of different entities happens to have appeared in an action together does not give any of them license to file motions on issues that are not the subject of a complaint, counterclaim, cross-claim, or the like. *See, e.g., Dzanoucakis v. Chase Manhattan Bank,* USA 2008 WL 820047, *4 (E.D.N.Y. 2008) ("the Court finds no basis to deny defendant the opportunity to amend its answer to include a claim for confirmation of the arbitration award.") On the other hand, § 9 of the Federal Arbitration Act provides that a party seeking to confirm an arbitration award merely must "apply to the court" for such relief. "Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C. § 9. In other words, the FAA apparently contemplates a streamlined process for confirmation of awards that arguably does not necessarily require the filing of a complaint (or here, a formal counterclaim). Although it appears that the typical practice involves the filing of a complaint or counterclaim, it is debatable whether such formality is required.

I am satisfied, however, that resolution of the joint motion to dismiss does not require answering these procedural questions. The fact remains that the joint motion to dismiss was filed on April 6, and Paul Davis' motion to confirm the arbitration award was filed on April 14. I may thus consider the wisdom of granting the April 6 motion as of the time it was filed. (In fact, such joint motions are routinely handled within days of their filing, and it was only upon Paul Davis'

4

objection that this Court held off deciding the matter.) As of April 6, there was no apparent reason to deny the motion, nor any reason to believe it would have affected Paul Davis. This approach is supported by Fed. R. Civ. P. 41(a)(2). That section provides that "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." This rule restricts a court's ability to dismiss a plaintiff's claims if the defendant has already filed a counterclaim. But here, Paul Davis had not yet filed its counterclaim, which suggests that dismissal under Rule 41 would be appropriate. Simply put, when the other parties filed their joint motion to dismiss, Paul Davis was a third-party not involved in any dispute (real or otherwise) among those parties.

More important, the general policy underlying limited federal jurisdiction supports this approach as well. We have established that Matthew Everett and EAGB have been fraudulently joined in this action. That they are parties at all is mere happenstance, and in fact this Court could have dismissed them as parties altogether. Matthew Everett and Paul Davis are now apparently non-diverse parties. At this point, to allow Everett to be sued in a federal court of limited jurisdiction would be to exploit the happenstance of fraudulent joinder when what is called for is restraint. Paul Davis has not explained what federal purpose would be served by allowing a Florida corporation to sue a Florida citizen in Green Bay federal court. Ironically, parties typically resort to fraudulent joinder in an attempt to *avoid* federal jurisdiction, but here Paul Davis wants to use other parties' fraudulent joinder as a basis to *create* jurisdiction. It is conceivable that the procedural rules cited above might *allow* such a lawsuit to proceed, but that does not mean a federal court should exploit any possible procedural rule to achieve such a result. Here, all that is before

5

me is a joint motion for stipulated dismissal. At the time the motion was filed, Paul Davis had no claims in this action against Matthew Everett and EAGB. I am satisfied that dismissal of the claims between the parties to the joint stipulation is proper, and that the future pendency of a motion to compel arbitration does not change the analysis. If anything, the existence of further proceedings between parties that are now non-diverse is a reason *for* allowing the joint dismissal.[1]

Accordingly, the joint motion to dismiss is **GRANTED**. Claims asserted in this case against Defendants Matthew L. Everett and EA Green Bay, LLC by Plaintiffs are dismissed with prejudice and without costs, pursuant to Fed. R. Civ. P. 41. Defendants Matthew L. Everett and EA Green Bay, LLC are hereby dismissed from this action.

**SO ORDERED** this   25th   day of April, 2011.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge

---

[1] I also note that there is an earlier-filed pending state case seeking to vacate the same arbitration award. The viability of that action is in the hands of the state courts. It would not be prudent to allow Paul Davis to wrest the action from the state courts by simply filing a motion in this court.