UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RENEE EVERETT and BUILDING WERKS OF WI, LLC,

    Plaintiffs,

v.                                Case No. 10-C-634

PAUL DAVIS RESTORATION, INC., et al.,

    Defendants.

**ORDER DENYING MOTION FOR RECONSIDERATION**

This case is before me on the motion of Paul Davis Restoration, Inc. (PDRI) for reconsideration of my prior order (ECF No. 185) denying PDRI's motion to confirm the arbitration award in its favor and granting plaintiffs' motion to vacate the award. The motion will be denied. The issues have been fully considered by the Court, and the arguments offered by PDRI in support of its motion are more appropriately presented to the Court of Appeals. This Court has fully set forth the reasoning for its decision, citing the very cases PDRI relies upon for its motion. The Court is unpersuaded that its decision was based on an error of law and offers only the following comments on PDRI's arguments in support of its motion.

PDRI's primary argument for reconsideration is that the Court failed to consider that EAGB, the LLC that Renee Everett owned with her husband Matt, was created pursuant to the Franchise Agreement. This fact is significant, PDRI argues, because it means EAGB would not have existed but for the Franchise Agreement. Since Ms. Everett benefitted from EAGB, it follows that she directly benefitted from the Franchise Agreement.

The Court addressed this argument in its decision and has nothing further to add. Whatever benefit Ms. Everett derived from the Franchise Agreement was filtered through her ownership interest in EAGB and would therefore be considered indirect. Having failed to disclose her interest in EAGB, she acquired no rights under the Franchise Agreement that would have supported a claim against EAGB for breach of contract for wrongful termination. She had no right to seek enforcement of the Agreement against PDRI. It is difficult to see why she should be held bound to the contractual obligations to which she never agreed and from which she received no direct benefit.

PDRI also argues in support of its motion for reconsideration that the Court overlooked its assumption argument. PDRI contends that Ms. Everett assumed the obligations of the Agreement by manifesting an intent to be bound by it. *In re VMS Ltd. P'ship Sec. Litig.*, 26 F.3d 50, 52 (7th Cir. 1994). Because Ms. Everett did not have any rights as a spouse to Mr. Everett's ownership interest in EAGB due to a prenuptial agreement, PDRI argues, she manifested an intent to be bound when she sought a transfer of part of Mr. Everett's ownership interest.

In its previous briefs on the issue of whether Ms. Everett could be held bound by the Agreement (PDRI Br. in Opp'n 23-24, ECF No. 91), PDRI premised its assumption argument on the fact that Ms. Everett was named, mistakenly it turns out, in an earlier litigation proceeding in 2005. In that proceeding, EAGB and Mr. Everett brought an action against PDRI attempting to enforce the provisions in the Agreement and sought to have PDRI submit to arbitration. As explained in the Court's decision, this argument was without merit because Ms. Everett was mistakenly included in the complaint as indicated by EAGB and Mr. Everett's attorney. (Jelinski Aff. ¶¶ 2-3, ECF No. 106.)

2

PDRI now modifies its assumption argument on reconsideration on the basis that Ms. Everett manifested an intent to be bound when she sought an ownership interest in EAGB. PDRI's new assumption theory is substantially undeveloped and waived. Even were I to consider PDRI's new theory, it is without merit because the mere fact she obtained an ownership interest is not sufficient to infer an intent to be bound by an agreement that significantly limited her right to work in the same field and subjected all disputes to arbitration before a panel of franchise owners dependent upon PDRI. This is particularly true where, as here, there is no evidence she was aware of the details of the Franchise Agreement. For the foregoing reasons, PDRI's motion for reconsideration ECF No. 188) is **DENIED**.

**SO ORDERED** this __10th__ day of December, 2012.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court