UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RENEE EVERETT, et al.,

   Plaintiffs,

v.               Case No. 10-C-634

PAUL DAVIS RESTORATION, INC.,

   Defendant.

**DECISION AND ORDER**

   Following reversal and remand, the parties have briefed the question of what, if anything, remains to be done in this case. The Defendant argues that this court must simply enter judgment confirming the arbitration award, given that the Seventh Circuit has addressed all of the conceivable issues. Plaintiffs believe, however, that the court of appeals did not address certain equitable arguments, such as laches and unclean hands, and that these need to be litigated at this level.

   The Defendant's argument is simple. In reversing, the court of appeals rejected the idea that Renee Everett was not bound by the franchise agreement, the principal issue addressed by this court, by concluding she was estopped by the direct benefit doctrine. In addition, however, it addressed all of the other issues Everett raised, even though this court had not ruled on them. "Ms. Everett asserts a number of other reasons why the arbitration award should not be enforced. The district court did not address any of these issues, but because they are legal issues that can be easily disposed of, we will address them now." *Everett v. Paul Davis Restoration, Inc.,* 771 F.3d 380, 385 (7th Cir. 2014). Thus, according to the Defendant, Everett's arguments were either explicitly

rejected by the court of appeals or were waived because they were not raised.

But the Plaintiffs suggest that, as the victors in the district court, they did not need to raise their *defenses* on appeal. Unclean hands and laches are defenses to the direct benefits estoppel, and, having convinced this court that direct benefits estoppel should *not* apply, those arguments were not germane to the appeal because they had never been considered at this level. Instead, at the appeal stage, the Plaintiffs were merely left to attempt to rebut the arguments the appellants raised in their effort to obtain a reversal.

The Plaintiffs' view is understandable but unconvincing, as their arguments are belied by the Seventh Circuit's own decision and the way it described the issues. The real question here is not what the Plaintiffs actually argued, nor what they could have argued. Neither is it relevant how the Plaintiffs subjectively view the scope of their appeal and the remand. Instead, the key is how the court of appeals actually addressed the appeal. That court, and not the parties, has the authority to define the scope of the remand in any fashion it deems fit. Here, the court described the issue thus: "The primary question before us is whether Ms. Everett is bound to the arbitration award, pursuant to the franchise agreement." *Id.* at 383. It held that "[b]ecause the facts before us indicate that Ms. Everett did receive a direct benefit from the franchise agreement and can therefore be held to the agreement, we now reverse." *Id.* at 382. Reading only those two sentences, it is clear that the court of appeals believed there was nothing more to be argued on the direct benefits estoppel issue. In addition, the court unequivocally stated that it was addressing, and rejecting, the "other reasons why the arbitration award should not be enforced." *Id.* Finally, in part II of its opinion, the court explained that "the application of the direct benefits estoppel doctrine disposes of the issue," meaning that, as far as the court was concerned, the issue had been decided once and for all.

2

Regardless of whether there might be specific points that court did not address, the fact is that the court found Everett was bound by the agreement. Thus, even if there are defenses the Plaintiffs have not yet raised, those arguments are foreclosed by what the court of appeals actually said and ordered. Given the plain language of that court's opinion, this court would have no authority to entertain additional arguments.

Accordingly,

Defendant Paul Davis Restoration, Inc.'s Motion for Judgment is **GRANTED**. Judgment will be entered as follows:

The final arbitration decision and award against Renee Everett and in favor of Paul Davis Restoration, Inc. dated February 14, 2012 (ECF No. 145-1) is CONFIRMED in all respects.

a. Renee Everett is hereby enjoined for a period of two (2) years from February 14, 2012, the date of the arbitration decision, from directly or indirectly engaging in the business of insurance restoration construction of residential and commercial buildings and the business of residential or commercial remodeling, loss mitigation, or cleaning ("PDRI's Business") in the counties of Brown, Calumet, Door, Kewaunee, Manitowoc, Oconto, Shawano, and Sheboygan, Wisconsin, and in any other geographical area in which PDRI, or any franchisee or affiliate of PDRI, is now or hereafter may be engaging in PDRI's Business. "Directly or indirectly engaging" shall include, but not be limited to: (i) acting as an agent, representative, consultant, officer, director, independent contractor, or employee of any entity or enterprise; and (ii) participating directly or indirectly in any such entity or enterprise as an owner, partner, limited partner, joint venturer, material creditor, or stockholder (except as a stockholder holding less than a one percent (1%) interest in a corporation whose shares are traded on a national securities exchange or in the

over-the-counter market).

b.	Renee Everett is hereby enjoined from selling or otherwise transferring the Building Werks business as a going concern.

c.	Renee Everett shall provide PDRI with an accounting of all business conducted by or under the name "Building Werks." Renee Everett is liable to PDRI for a twenty-five percent (25%) sales commission on all such business.

d.	For any business that has been solicited or accepted from any insurance company by Renee Everett, d/b/a Building Werks, after termination of the NOWI Franchise Agreement in violation of Article 22, Renee Everett shall remit twenty-five percent (25%) of the gross sales amount of reach such transaction to PDRI in accordance with Article 22. The aggregate amount due to PDRI under sections (c) and (d) of this Judgment shall not exceed twenty-five percent (25%) of the gross sales made by Renee Everett d/b/a Building Werks.

e.	Renee Everett is hereby enjoined from using any of PDRI's trade secrets in violation of Article 22 of the NOWI Franchise Agreement.

f.	This judgment applies to and binds the following persons with actual notice of the judgment: (i) Renee Everett; (ii) the officers, directors, agents, and employees of the Building Werks business and its successors; and (iii) all those persons who are acting in active concert or participation with any of the foregoing persons.

The Court retains jurisdiction to enforce the judgment.

Dated this 20th day of April, 2015.

   /s William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court